## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WAYNE NEWTON, | 1:09-CV-01686 JMD HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT [Doc. 23] |
| v. | |
| J. F. SALAZAR, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On August 5, 2010, the Court denied the petition for writ of habeas corpus and ordered the Clerk of Court to enter judgement in the matter.

    On August 13, 2010, Petitioner filed a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Rule 60(b)(6) stated that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justified relief."

    In his memorandum of points and authorities, Petitioner acknowledges that Rule 60(b)(6) requires Petitioner to establish extraordinary circumstances in order to avail himself of the relief offered in the rule. Petitioner contends that his case merits such relief as his "unadjudicated, [sic] habeas petition filed with this court was denied without adjudication of his claims." Specifically, Petitioner contends that the August 5, 2010, order denying the petition circumvented Petitioner's right since the magistrate judge failed to file a findings and recommendations pursuant to 18 U.S.C. § 636(c)(1).

1   On October 5, 2009, Petitioner consented, pursuant to Title 28 U.S.C. section 636(c)(1),[1] to
2   have a magistrate judge conduct all further proceedings.  (Consent to Jurisdiction by US Magistrate
3   Judge, ECF No. 7.)  Respondent consented to the jurisdiction of a magistrate judge on October 30,
4   2009.  (Consent to Jurisdiction by US Magistrate Judge, ECF No. 11.)  Pursuant to the parties'
5   consent, no findings and recommendations was required as the Magistrate Judge was authorized to
6   enter final judgment in the proceeding.  Accordingly, the Court finds Petitioner has failed to establish
7   entitlement to relief under Rule 60 and Petitioner's motion to vacate the judgment is DENIED.

10  IT IS SO ORDERED.

11  **Dated:    August 27, 2010**                          /s/ John M. Dixon
                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's order mistakenly stated Title 18, rather than Title 28, in its final order.  However, the parties' consent contained the correct citation to statutory authority.  Thus, this mistake is insufficient to entitle Petitioner to relief under Rule 60.