UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY WAYNE NEWTON, | ) | 1:09-CV-01686 JMD HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR RECONSIDERATION [Doc. 25] |
| v. | ) | |
| | ) | |
| J. F. SALAZAR, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 5, 2010, the Court denied the petition for writ of habeas corpus and ordered the Clerk of Court to enter judgement in the matter. On August 13, 2010, Petitioner filed a motion to vacate the judgement pursuant to Federal Rule of Civil Procedure 60(b)(6). The Court denied the motion on August 27, 2010. (Court Doc. 24.)

On October 12, 2010, Petitioner filed a *nunc pro tunc* motion for reconsideration of the Court's August 27, 2010 order. (Court Doc. 25.) The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. A motion for reconsideration filed after ten days of the entry of final judgment is treated as a motion for relief pursuant under Rule 60(b) of the Federal Rules of Civil Procedure. *See San Luis & Delta Mendota Water Auth. v. U.S. Dept. of the Interior*, 624 F.Supp.2d 1197, 1207 (E.D. Cal. 2009) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001)).

Petitioner's motion for reconsideration does not address which of the six grounds for relief contained in Rule 60(b) Petitioner is seeking redress under.[1] As this is a motion for reconsideration and as Petitioner had previously sought relief under Rule 60(b)(6), the Court presumes Petitioner is seeking relief under Rule 60(b)(6). Petitioner asserts that he is entitled to relief as he did not understand the ramifications of his consent to magistrate judge's jurisdiction. "Rule 60(b)(6) is a catch-all provision that . . . 'has been used sparingly as an equitable remedy to prevent manifest injustice.'" *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). "Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." *Id*. Here, Petitioner is entitled to relief under Rule 60(b)(6) as he seeks relief for his failure to comprehend the ramifications of consenting to magistrate judge jurisdiction. Accordingly, the Court finds Petitioner has failed to establish entitlement to relief under Rule 60(b) and Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   October 15, 2010**                    **/s/ John M. Dixon**
UNITED STATES MAGISTRATE JUDGE

---

[1] The only other applicable sections of Rule 60(b) is subsection (1). Petitioner is not entitled to relief under Rule 60(b)(1). *See Speiser, Krause & Madole, P.C. v. Ortiz*, 271 F.3d 884, 886-87 (9th Cir. 2001) (holding a party's failure to read and understand procedural rules did not constitute excusable neglect within the meaning of Rule 60(b)(1)).

U.S. District Court
E. D. California                                         2